IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02538-BNB

DAVID GORDON,

      Applicant,

v.

WARDEN ARELLANO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 0 4 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER TO DRAW IN PART AND TO DISMISS IN PART

---

Applicant David Gordon is a prisoner in the custody of the Colorado Department

of Corrections at the Arkansas Valley Correctional Facility in Crowley, Colorado.  Mr.

Gordon initiated this action by submitting to the Court a *pro se* Application for a Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2254.  Mr. Gordon is challenging the validity of

his conviction and sentence in case number 98CR714 in the Boulder County District

Court.

In an order filed on January 16, 2009, Magistrate Judge Boyd N. Boland

instructed Mr. Gordon to file an Amended Application and directed Respondents to file

a Supplement to their Pre-Answer Response addressing the affirmative defenses of

timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28

U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses.

On March 2, 2009, Respondents filed a Supplement Response.  Mr. Gordon did not

reply to the Supplement.

The Court must construe liberally the Amended Application filed by Mr. Gordon because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will order the Application drawn in part and dismissed in part.

Mr. Gordon was convicted by a jury of one count of first degree murder on December 14, 1998, and he was sentenced to life without the possibility of parole. The judgment of conviction was affirmed on direct appeal. *See State of Colo. v. Gordon*, 32 P.3d 575 (Colo. App. Feb. 15, 2001). On October 15, 2001, the Colorado Supreme Court denied Mr. Gordon's petition for certiorari review on direct appeal. *See Gordon v. State of Colo.*, No. 01SC419 (Oct. 15, 2001).

Mr. Gordon also filed a Colo. R. Crim. P. 35(c) postconviction motion in the trial court on October 5, 2005. (Pre-Answer Supp., App. K.) The trial court denied relief in the postconviction motion on May 17, 2006, and the Colorado Court of Appeals affirmed the denial on August 21, 2008. *See State of Colo. v. Gordon*, No. 06CA1295 (Colo. App. Apr. 24, 2008) (unpublished). Mr. Gordan's petition for certiorari review was denied by the Colorado Supreme Court on August 18, 2008. *See State of Colo. v. Gordon*, No. 08SC448 (Aug. 18, 2008) (unpublished).

Mr. Gordon asserts seven claims for relief in his Amended Application, including two erroneous jury instruction claims, an inadmissible evidence claim, a violation of the

2

Fifth Amendment privilege against self-incrimination claim, two prosecutorial misconduct claims, and an ineffective assistance of counsel claim.

Respondents contend that because Mr. Gordon's original Application filed on November 7, 2008, did not identify, under Section D. of the application form,  the claims he intended to raise in the instant action, the action could not be considered a habeas application and should have been dismissed.  Respondents further contend that any attempt to amend the insufficient Application is improper.

In keeping with the Advisory Committee Notes under Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, it is a better procedure to accept a defective petition and require an applicant to submit a corrected application that conforms to Rule 2(c), which includes specifying all the grounds for relief available to the applicant.  The Advisory Committee, under the Notes in Rule 2, expressed a concern that dismissing an application that is not in proper form may pose a significant penalty for an applicant who may not be able to file another petition within the one-year time limitation, which is the case in the instant action.  The Court finds that Mr. Gordon's Application, therefore, is timely under 28 U.S.C. § 2244(d).

Respondents contend that Claims Three, Four, and Six are properly exhausted. As for Claims One and Two, Respondents assert that Mr. Gordon failed to present a federal constitutional claim in either claim to the state courts, that Mr. Gordon failed to present Claim Two to the Colorado Supreme Court, and that both claims now are procedurally defaulted.  Respondents also contend that Claims Five and Seven are insufficiently pled to warrant a response, but if the Court were to consider Mr. Gordon's

assertions made in state court, with respect to Claim Five and Seven, Claim Five would be procedurally barred, and Claim Seven would be exhausted.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

4

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

As for Claim One, "[t]he Supreme Court has never recognized a federal constitutional right to a lesser included offense in non-capital cases." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004) (citing *Beck v. Alabama*, 447 U.S. 625, 638 n. 14 (1980)). The Tenth Circuit stated in *Dockins* that "[o]ur precedents establish a rule of 'automatic non-reviewability' for claims based on a state court's failure, in a non-capital case, to give a lesser included offense instruction." *Dockins*, 374 F.3d at 938 (quoting *Chavez v. Kerby*, 848 F.2d 1101, 1103 (10th Cir. 1988). Therefore, under 28 U.S.C. § 2254(b)(2), the Court will deny Claim One on the merits, without considering whether state court remedies were exhausted.

With respect to Claim Two, Mr. Gordon argued in his opening brief on direct appeal to the Colorado Court of Appeals, that the trial court committed reversible error and violated his due process rights when the court rejected his jury instruction directing the jury that if they did not find beyond a reasonable doubt that Mr. Gordon fired the shot causing the victim's death they must find him not guilty of the charged offense and all lesser included offenses. (Pre-Answer Resp., App. A at 28.) In support of this claim, Mr. Gordon relies on *People v. Nunez*, 841 P.2d 261, 264 (Colo. 1992), for the proposition that an instruction embodying a defendant's theory of the case must be given by the district court if the record contains any evidence to support the theory. In

5

*Nunez*, the Colorado Supreme Court found that federal circuits unanimously concluded that a criminal defendant is entitled to a theory of defense instruction provided there is a foundation in the evidence for the instruction. *Id.* at 265 (citing *United States v. Scafe*, 822 F.2d 928, 932 (10th Cir. 1987)) (case listed as part of string citation to establish well-settled rule among the federal circuits). In *Scafe*, the Tenth Circuit found that a "defendant is entitled to jury instructions on any theory of defense finding support in the evidence and the law," and "[f]ailure to so instruct is reversible error." *Scafe*, 822 F.2d at 932 (citing *United States v. Lofton*, 776 F.2d 918, 920 (10th Cir. 1985); *see also Dunn v. Roberts*, 768 F. Supp. 1442, 1448 (D. Kan. 1991) (applying *Scafe* to a 28 U.S.C. § 2254 action), *aff'd*, 963 F.2d 308 (10th Cir. 1992).

It appears that Mr. Gordon presented his jury instruction issue to the state court as a federal claim, and dismissal of the claim for failure to raise Claim Two as a federal claim in state court is improper.

Respondent also argues that Mr. Gordon failed to raise Claim Two in his petition for review to the Colorado Supreme Court and as a result has failed to exhaust his state court remedies with respect to this claim.

In order to exhaust state court remedies, a claim must be presented to the state's highest court if review in that court is available. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Under Colorado law,

> [i]n all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been

> presented to the Court of Appeals or Supreme Court, and
> relief has been denied, the litigant shall be deemed to have
> exhausted all available state remedies.

Colo. App. R. 51.1(a).  Justice Souter, in his concurring opinion in *O'Sullivan*, provides

an example of when state supreme court review is unavailable.  *O'Sullivan*, 526 U.S. at

849.  The language Justice Souter quotes is taken from a South Carolina Supreme

Court decision in *In re Exhaustion of State Remedies in Criminal and*

*Post-Conviction Relief Cases*, 321 S.C. 563, 471 S.E.2d 454 (1990), and mirrors the

language in Rule 51.1, in stating

> a litigant shall not be required to petition for rehearing and
> certiorari following an adverse decision of the Court of
> Appeals in order to be deemed to have exhausted all
> available state remedies respecting a claim of error.  Rather,
> when the claim has been presented to the Court of Appeals
> or the Supreme Court, and relief has been denied, the
> litigant shall be deemed to have exhausted all available state
> remedies.

*In re Exhaustion of State Remedies*, 321 S.C. at 564.  The Court, therefore, finds that

Colo. App. R. 51.1 makes review in the Colorado Supreme Court unavailable for the

purposes of the exhaustion requirement.

    Furthermore, four circuit courts have concluded that state rules similar to Colo.

App. R. 51.1 eliminate the need to seek review in the state's highest court in order to

satisfy the exhaustion requirement.  *See Lambert v. Blackwell*, 387 F.3d 210, 233-34

(3[d] Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-04 (6th Cir. 2003); *Randolph v.*

*Kemna*, 276 F.3d 401, 403-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008,

1009-10 (9th Cir. 1999).  The Court is not aware of any case that reaches a contrary

conclusion.

The cases Respondents cite in support of their contention that Mr. Gordon must petition the Colorado Supreme Court do not stand for the argument they are attempting to make.  First, in *Hills v. Washington*, 441 F.3d 1374, 1378 (11th Cir. 2006), the Eleventh Circuit vacated the district court's dismissal of the petitioner's habeas corpus action on procedural bar grounds and remanded the case to the district court for a proper review of the petitioner's claims under 28 U.S.C. § 2254(d).  The Eleventh circuit, however, did not address any *O'Sullivan* issues, because the state waived the procedural bar defense.  *Hills*, 441 F.3d at 1377.  Second, in *Dixon v. Dormire*, 263 F.3d 774, (8th Cir. 2001), the case was remanded to the district court for consideration of the petitioner's claims on the merits.  The Eighth Circuit in *Dixon* found that it was improper to bar the claims based on the petitioner's failure to seek discretionary review in the state supreme court.  Moreover, in *Randolph*, the Eighth Circuit found that in light of the Missouri Supreme Court's amendment of Rule 83.04, which governs a petition for transfer to the supreme court, the language of the amended portion of the rule "makes clear that Missouri does not consider a petitioner who bypasses its supreme court in favor of federal habeas review to have denied the State its rightful 'opportunity to resolve federal constitutional claims.' " *Randolph*, 276 F.3d at 404 (citing *O'Sullivan*, 526 U.S. at 845).

"[T]here is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available."  *See O'Sullivan*, 526 U.S. at 847-48.  If a state articulates that a certain avenue for relief is not part of its standard appellate review process, a defendant is not required to pursue that avenue in

8

order to exhaust state remedies.  *See O'Sullivan*, 526 U.S. at 844-847.  In adopting

Colo. App. R. 51.1, the State of Colorado has articulated that review in the Colorado

Supreme Court is not part of the standard state appellate review process.

    Respondents next argue that, assuming Colo. App. R. 51.1 eliminates the need

to seek review in the Colorado Supreme Court in order to exhaust state remedies, the

rule does not apply to Mr. Gordon's direct appeal because his direct appeal ended prior

to the enactment of Colo. App. R. 51.1.  Respondents primarily rely on *Wenger v.

Frank*, 266 F.3d 218 (3d Cir. 2001), to support their argument that Colo. App. R. 51.1

cannot be applied retroactively to Mr. Gordon's direct appeal.  In *Wenger*, the United

States Court of Appeals for the Third Circuit concluded that a Pennsylvania Supreme

Court rule eliminating the need to seek discretionary review in that court in order to

exhaust state remedies was not retroactive.  *See id.* at 226.  The Third Circuit based its

conclusion on the prospective language of the Pennsylvania Supreme Court rule, a

finding that the primary purpose of the Pennsylvania Supreme Court rule would not be

served by retroactive application, and the Third Circuit's view that whether a particular

remedy was or was not available is a question of objective historical fact that cannot be

retroactively altered.  *See id.* at 225-26.

    In contrast to *Wenger*, two other circuit courts have held that rules in Tennessee

and Missouri, which are similar to both the Pennsylvania Supreme Court Rule at issue

in *Wenger,* and Colo. App. R. 51.1, do apply retroactively.  *See Adams*, 330 F.3d at

405; *Randolph*, 276 F.3d at 404.  In *Randolph*, the Eighth Circuit reasoned that the

Missouri rule was retroactive because the rule purported to clarify existing law and not

9

change the law. *See **Randolph***, 276 F.3d at 404. In ***Adams*** , the Sixth Circuit similarly concluded that the Tennessee rule was retroactive because the rule merely clarified the existing law in Tennessee. *See **Adams***, 330 F.3d at 405. Significantly in ***Adams***, the Tennessee rule expressly provided that it was applicable "[i]n all appeals from criminal convictions or postconviction relief matters from and after July 1, 1967." *See **id***. at 401.

The Court finds that Colo. App. R. 51.1 is most like the Tennessee rule at issue in ***Adams***. Like the Tennessee rule, the plain language of Colo. App. R. 51.1 expressly provides that it applies to "all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974." Therefore, the Court finds that Colo. App. R. 51.1 is merely a clarification of the existing law in Colorado and, as a result, the Court finds that Colo. App. R. 51.1 is retroactive to Mr. Gordon's direct appeal. Mr. Gordon, therefore, has exhausted Claim Two.

With respect to Claim Five, Respondents contend that the claim is insufficiently pled. In keeping with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court finds that it does not plainly appear from the assertions set forth under Claim Five that Mr. Gordon is not entitled to relief in the claim. Mr. Gordon states that he was denied his right to a fair trial because the prosecution made improper comments during closing that misstated the evidence and denigrated and belittled his defense theory, suggesting that defense counsel did not assert the defense theory in good faith. For the purpose of this initial review, Claim Five is sufficiently pled. The Court also finds that Mr. Gordon has exhausted his state court remedies in Claim Five.

Furthermore, Mr. Gordon's assertions set forth in Claims Six and Seven, for the purpose of this initial review, are sufficiently pled and are found to be exhausted.

Based on the above findings, Claim One will be denied on the merits. Claims Two through Seven will be drawn to a district judge and to a magistrate judge for further review of the merits. Accordingly, it is

ORDERED that Claim One is denied and dismissed for the reasons stated in this Order. It is

FURTHER ORDERED that Claims Two through Seven and the action shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 3 day of _____ June _____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 08-cv-02538-BNB

David Gordon
Prisoner No. 99760
Arkansas Valley Corr. Facility
PO Box 1000 - Unit 4-C
Crowley, CO 81034

John D. Seidel
Assistant Attorney General
**DELIVERED ELECTRONICALLY**


I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  6/4/09

GREGORY C. LANGHAM, CLERK

By: _____
              Deputy Clerk